1  Ani Ghazaryan
2  6450 Olcott Street
   Tujunga, CA 91042
3  Tel.: 818-730-7570

4  Plaintiff In *Pro Per*

FILED
CLERK, U.S. DISTRICT COURT
DEC 1 4 2015
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ANI GHAZARYAN, an individual;

Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC., An Ohio Corporation;
EQUIFAX INFORMATION SERVICES, LLC, A Georgia Limited Liability Company.

Defendants.

Case No.: CV15- 09604 - RGK(MRWx)

COMPLAINT FOR:

1. **Willful Violations of Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.;**
2. **Negligent Violations of Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.;**
3. **Intentional Violations of California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 et seq.;**
4. **Negligent Violations of California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 et seq.**

**DEMAND FOR JURY TRIAL**

PAID
DEC 1 4 2015
Clerk, US District Court

## NATURE OF ACTION

This is a private action brought by an individual consumer under Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., and its equivalent State Act, Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §1785 et seq..

## JURISDICTION AND VENUE

1.  This Court has jurisdiction under 15 U.S.C. §1681p, Cal. Civ. Code § 1785.33, and 28 U.S.C. § 1331.

2.  This Court has supplemental jurisdiction over the State claims under 28 U.S.C. §1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts or events giving rise to this action occurred in the State of California in the Central District of California, and where Defendants transact business in said State and district.

## PARTIES

4. Plaintiff ANI GHAZARYAN ("Plaintiff") is an individual who at all relevant times resided in the State of California, County of Los Angeles.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

6. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") is an Ohio Corporation, conducting business in the State of California.

7. Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") is a Georgia Limited Liability Company, conducting business in the State of California.

8. Defendants EXPERIAN and EQUIFAX (collectively "Defendants") are each a "person" as defined by 15 U.S.C. § 1681a(b) and Cal. Civ. Code § 1785.3(j).

9. Defendants EXPERIAN and EQUIFAX are each a "Consumer reporting agency" and "Consumer credit reporting agency" as defined by 15 U.S.C. § 1681a(f) and Cal. Civ. Code § 1785.3(d), respectively.

10. When a reference in this Complaint is made to any act or omission of Defendants' corporation, company, association, business entity, or partnership, such allegation shall be deemed to mean that Defendants and their owners, officers, directors, agents, employees, or representatives did or authorized such act or omission while engaged in the management, direction, or control of the affairs of Defendants and while acting within the scope and course of their duties.

## FACTUAL ALLEGATIONS

11. In July of 2014, DISCOVER furnished a "30 days past due" delinquency remark on Plaintiff's credit report with the credit reporting agencies, including EXPERIAN and EQUIFAX, for Plaintiff's DISCOVER account number 6011000062630904 (hereinafter the "account" or "DISCOVER account). There were at least two payments made on the account for the month of July 2014.

12. On November 13, 2014, Plaintiff called DISCOVER and spoke to one of its representatives, who identified herself as Jordan at extension 40489. During this conversation, Plaintiff inquired about DISCOVER's reporting of the 30-day inaccurate delinquency on her credit report. DISCOVER assured Plaintiff that it would remove the inaccurate delinquency remark from the account with the credit reporting agencies.

13. On December 8, 2014, Plaintiff contacted the credit reporting agencies, including EXPERIAN and EQUIFAX, and disputed the inaccurate late payment that was reported about the DISCOVER account on Plaintiff's credit report. Specifically, Plaintiff disputed the said delinquency with Banny at EXPERIAN, and Francis at EQUIFAX. Plaintiff gave both EXPERIAN and EQUIFAX DISCOVER's representative's (Jordan) name and contact information for faster confirmation and correction of the inaccurate delinquency reporting.

14. By December 16, 2014, in response to Plaintiff's dispute, EXPERIAN claimed to have allegedly verified, with the furnisher, the account information to be accurate.

15. On December 17, 2014, Plaintiff called DISCOVER and spoke to Jessica, who informed Plaintiff that they report on the 9th of each month and that they had not received any request for reinvestigation of the 30-day delinquency reported on the account.

16. By December 25, 2014, in response to Plaintiff's dispute, EQUIFAX claimed to have verified the account information to be accurate.

17. On or about May 30, 2015, Plaintiff sent follow-up letters to both EXPERIAN and EQUIFAX concerning her disputes of the delinquency reported on the account, but to no avail.

18. On July 1, 2015, Plaintiff called EXPERIAN and spoke to Damon, who informed Plaintiff that EXPERIAN just started to process a request for correction of the delinquency reported on the DISCOVER account.

19. The inaccurate delinquency reporting was finally removed from Plaintiff's credit report on July 2, 2015.

20. For approximately one year Plaintiff's credit report was marked with the inaccurate delinquent information, which greatly harmed her credit rating. EXPERIAN and EQUIFAX failed to conduct proper investigation into Plaintiff's dispute, claimed the account was verified, and continued

to maintain an inaccurate delinquency on Plaintiff's credit file and disseminate such inaccurate, negative information about Plaintiff. As a result of the negative reporting, several of Plaintiff's existing credit lines were decreased drastically or closed, and she was denied for new credit/loans. Plaintiff also suffered great mental and emotional distress, anxiety and sleeplessness as a result of her credit situation caused by the Defendants, primarily because she could not finance for her son's medical examinations and treatments that he desperately needed.

21. As a result of Defendants' conduct, Plaintiff's damages include but are not limited to the following:

   a. Decreased credit rating and creditworthiness.

   b. Actual damages caused by monetary losses relating to closed accounts, decreased credit limits, denials to obtain new accounts and credit, and loss of credit and loan opportunities;

   c. Out of pocket expenses incurred as a result of Plaintiff's inability to use her credit where needed, in addition to fees associated with her attempts to correct her credit report;

   d. Emotional distress, mental anguish, and other health issues and consequential medical expenses associated with derogatory credit information Defendants maintained about Plaintiff, refused to delete, and released to third parties with access to Plaintiff's credit reports;

## FIRST COUNT

### Willful Violations of FCRA, 15 U.S.C. § 1681 et seq.

### (Against Defendants EXPERIAN and EQUIFAX)

22. Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

23. EXPERIAN and EQUIFAX prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced "consumer reports" regarding the Plaintiff, as this term is defined in FCRA, 15 U.S.C. § 1681a(d), which contained inaccurate information.

24. EXPERIAN and EQUIFAX willfully violated FCRA, including but not limited to:

   a. failing to follow reasonable procedures to assure maximum possible accuracy of the

information in Plaintiff's credit report, as required by 15 U.S.C. § 1681e(b);

  b. failing to adopt and follow reasonable procedures to insure proper investigation, accuracy, and update of information in Plaintiff's credit file, in compliance with the reinvestigation requirements of 15 U.S.C. § 1681i;

  c. failing to provide notice of results of reinvestigation pursuant to 15 U.S.C. § 1681i(a)(6);

25. EXPERIAN and EQUIFAX's violations actually and proximately caused Plaintiff's injuries.

26. Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that EXPERIAN and EQUIFAX violated the FCRA.

27. Plaintiff further prays for actual and statutory damages pursuant to 15 U.S.C. § 1681n (a)(1)(A); costs and attorney's fees pursuant to 15 U.S.C. § 1681n (c); and punitive damages for EXPERIAN and EQUIFAX's willful noncompliance pursuant to 15 U.S.C. § 1681n (a)(2).

## SECOND COUNT

### Negligent Violations of FCRA, 15 U.S.C. § 1681 et seq.

### (Against Defendants EXPERIAN and EQUIFAX)

28. Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

29. EXPERIAN and EQUIFAX prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced "consumer reports" regarding the Plaintiff, as this term is defined in FCRA, 15 U.S.C. § 1681a(d), which contained inaccurate information.

30. EXPERIAN and EQUIFAX negligently violated FCRA, including but not limited to:

  a. failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit report, as required by 15 U.S.C. § 1681e(b);

  b. failing to adopt and follow reasonable procedures to insure proper investigation, accuracy, and update of information in Plaintiff's credit file, in compliance with the reinvestigation requirements of 15 U.S.C. § 1681i;

  c. failing to provide notice of results of reinvestigation pursuant to 15 U.S.C. §

1681i(a)(6);

31. EXPERIAN and EQUIFAX's violations actually and proximately caused Plaintiff's injuries.

32. Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that EXPERIAN and EQUIFAX are in violation of the FCRA.

33. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1), and costs and attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2).

## THIRD COUNT

### Intentional Violations of CCRAA, Cal. Civ. Code § 1785 et seq.

### (Against Defendants EXPERIAN and EQUIFAX)

34. Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

35. EXPERIAN and EQUIFAX prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced "consumer reports" regarding the Plaintiff, as this term is defined in CCRAA, Cal. Civ. Code § 1785.3(a)(3)(c), which contained inaccurate information.

36. EXPERIAN and EQUIFAX willfully violated CCRAA, including but not limited to:

   a. failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit report, as required by Cal. Civ. Code § 1785.14(b);

   b. failing to adopt and follow reasonable procedures to insure proper investigation, accuracy, and deletion/correction of inaccurate information in Plaintiff's credit file, in compliance with the reinvestigation requirements of Cal. Civ. Code § 1785.16;

   c. failing to provide notice of results of reinvestigation pursuant to Cal. Civ. Code § 1785.16(d);

37. EXPERIAN and EQUIFAX's violations actually and proximately caused Plaintiff's injuries.

38. As a result of the EXPERIAN and EQUIFAX'S violations of the CCRAA, Plaintiff suffered personal humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); punitive damages for

EXPERIAN and EQUIFAX's willful noncompliance pursuant to Cal. Civ. Code § 1785.31(a)(2)(B); and injunctive relief ordering EXPERIAN and EQUIFAX to delete any inaccurate delinquency remarks from Plaintiff's credit report that they may still be reporting about the account, pursuant to Cal. Civ. Code § 1785.31(b).

## FOURTH COUNT

### Negligent Violations of CCRAA, Cal. Civ. Code § 1785 et seq.

### (Against Defendants EXPERIAN and EQUIFAX)

39. Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

40. EXPERIAN and EQUIFAX prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced "consumer reports" regarding the Plaintiff, as this term is defined in CCRAA, Cal. Civ. Code § 1785.3(a)(3)(c), which contained inaccurate information.

41. EXPERIAN and EQUIFAX negligently violated CCRAA, including but not limited to:

   a. failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit report, as required by Cal. Civ. Code § 1785.14(b);

   b. failing to adopt and follow reasonable procedures to insure proper investigation, accuracy, and deletion/correction of inaccurate information in Plaintiff's credit file, in compliance with the reinvestigation requirements of Cal. Civ. Code § 1785.16;

   c. failing to provide notice of results of reinvestigation pursuant to Cal. Civ. Code § 1785.16(d);

42. EXPERIAN and EQUIFAX's violations actually and proximately caused Plaintiff's injuries.

43. As a result of the EXPERIAN and EQUIFAX's violations, Plaintiff suffered personal humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages, including court costs and attorney's fees; pain and suffering, pursuant to Cal. Civ. Code § 1785.31(a)(1); and injunctive relief ordering EXPERIAN and EQUIFAX to delete any inaccurate delinquency remarks from Plaintiff's credit report that they may still be reporting about the account, pursuant to Cal. Civ. Code § 1785.31(b).

## PRAYER FOR RELIEF FOR ALL COUNTS

WHEREFORE, Plaintiff prays for relief against all Defendants as follows:

1. Actual damages;
2. Statutory damages;
3. Legal fees and costs;
4. Civil Penalties;
5. Prejudgment and post judgment interest;
6. Punitive damages;
7. Declaratory relief;
8. Injunctive relief;
9. Any additional remedies as the court deems proper.

**Plaintiff requests trial by jury.**

DATED: December 14, 2015

By: _____
Ani Ghazaryan, Plaintiff In *Pro Per*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Ani, Ghazaryan, an individiual

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

EXPERIAN INFORMATION SOLUTIONS, INC
EQUIFAX INFORMATION SERVICES, LLC

**(b) County of Residence of First Listed Plaintiff** LOS ANGELES
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed Defendant** _____
(IN U.S. PLAINTIFF CASES ONLY)

**(c) Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

Ani Ghazaryan, Plaintiff in Pro Per
6450 Olcott St, Tujunga, CA 91042
818-730-7570

**Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify):
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ Exceeds $2,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of Fair Credit Reporting and State equivalent Acts

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV15-09604**

CV-71 (10/14)     CIVIL COVER SHEET     Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? ☐ Yes ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes ☐ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**
☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _[signature]_ DATE: 12/14/2015

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |