UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-9604-RGK-MRW | Date | January 4, 2017 |
|---|---|---|---|
| Title | *Ani Ghazaryan v. Experian Information Solutions, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Charles A. Rojas | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS)** Order Re: Equifax's Motion for Summary Judgment (DE 42)

## I.     INTRODUCTION

On December 14, 2015, Ani Ghazaryan ("Ghazaryan" or "Plaintiff") filed the instant lawsuit in federal court against Experian Information Services, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax"). The Complaint alleges claims for: (1) willful violation of the federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.; (2) negligent violation of the FCRA, § 1681 et seq.; (3) intentional violation of California's Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code § 1785 et seq.; and (4) negligent violation of the CCRAA, Cal. Civ. Code § 1785 et seq. On December 1, 2016, Defendant Experian was dismissed from the action as the result of a settlement.

Presently before the Court is Defendant Equifax's Motion for Summary Judgment, filed on November 11, 2016. For the following reasons, the Court **GRANTS** Equifax's Motion.

## II.     FACTUAL BACKGROUND

In November, 2014, Discover Bank ("Discover") reported to various consumer reporting agencies that Plaintiff Ani Ghazaryan had made a late payment on her Discover credit card. As a consumer reporting agency, Equifax published the late payment information it received from Discover to Ghazaryan's credit report. Ghazaryan, however, disputes that she ever made such a late payment. After discovering the late payment information on her credit report, she contacted Discover and spoke with a representative named Jordan, who purportedly resolved the dispute and assured Ghazaryan that she no longer had a late payment listed on her account.

Ghazaryan then contacted Equifax by telephone on December 8, 2014 about removing the late payment from her credit report. Ghazaryan told an Equifax representative that she had never made a late payment, and that she had spoken with a representative at Discover named Jordan who had resolved the dispute on Discover's end. Ghazaryan provided Equifax with the Discover representative's name, telephone number, and extension.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-9604-RGK-MRW | Date | January 4, 2017 |
|---|---|---|---|
| Title | *Ani Ghazaryan v. Experian Information Solutions, Inc. et al* | | |

After the call, Equifax processed Ghazaryan's dispute and entered a summary of her dispute (including the name and number of the Discover representative with whom she had spoken) into its Automated Credit Dispute Verification (ACDV) system.[1] Equifax's ACDV system then transmitted Ghazaryan's dispute information to Discover on December 8, 2014.

Discover processed the ACDV request and investigated the disputed information on its end. On December 16, 2014, it returned a report to Equifax, verifying that Ghazaryan had indeed made a single late-payment on her Discover credit card. The late payment information thus remained on Ghazaryan's Equifax credit report, and Equifax provided Ghazaryan with notice of the results of its reinvestigation that same day.

On July 7, 2015, Ghazaryan filed a second dispute with Equifax regarding the same Discover card late payment information. By that time, however, the late payment was no longer listed on Ghazaryan's credit report, as Discover had already removed it from their system—presumably because they had since determined that it was inaccurate.

## III.    JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Upon such a showing, the Court may grant summary judgment on all or part of the claim. *See id.*

To prevail on a summary judgment motion, the moving party must show that there are no triable issues of material fact as to matters upon which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party needs to show only that there is an absence of evidence to support the non-moving party's case. *See id.*

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. *Id.* at 324. Nor may the non-moving party merely attack or discredit the moving party's evidence. *See Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.

## IV.    DISCUSSION

---

[1] ACDV systems allow credit reporting agencies to communicate consumer disputes to information furnishers (like Discover), prompting an investigation by the information furnisher. Once the information furnisher has determined the accuracy of the disputed information, it sends its findings back to the consumer reporting agency using the ACDV system. *See e-OSCAR*, About e-OSCAR, http://www.e-oscar.org/about-e-oscar.aspx. (last visited Jan. 4, 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-9604-RGK-MRW | Date | January 4, 2017 |
|---|---|---|---|
| Title | *Ani Ghazaryan v. Experian Information Solutions, Inc. et al* | | |

Ghazaryan's first two claims are for willful and negligent violation of several provisions of the federal FCRA. Her third and fourth claims are for intentional and negligent violation of several provisions of California's CCRAA, which are nearly identical to the FCRA provisions. Since there is no meaningful difference between Ghazaryan's FCRA and CCRAA claims in this context, the Court will address them jointly. *See, e.g.*, *Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1067–68 (C.D. Cal. 2014).

Ghazaryan's claims can be broken down into three types: (A) claims that Equifax failed to follow reasonable procedures to ensure maximum possible accuracy in reporting Ghazaryan's creditworthiness; (B) claims that Equifax failed to conduct a reasonable reinvestigation of an item on Ghazaryan's credit report after she filed a dispute; and (C) claims that Equifax failed to properly notify Ghazaryan of the result of its reinvestigation. The Court addresses each type of claim in turn.[2]

**A.      Reasonable Reporting Procedures Claims (§ 1681e(b) and § 1785.14(b))**

The FCRA (15 U.S.C. § 1681e(b)) and the CCRAA(Cal. Civ. Code § 1785.14(b)) both require consumer reporting agencies like Equifax to adopt and follow reasonable procedures to assure maximum possible accuracy in consumer credit reports. Section 1681e(b) of the FCRA states:

"Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

15 U.S.C. § 1681e(b). Similarly, § 1785.14(b) of the CCRAA states:

"Whenever a consumer credit reporting agency prepares a consumer credit report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates...."

Cal. Civ. Code § 1785.14(b).

Liability under § 1681e(b) and § 1785.14(b) is not predicated on the inaccuracy of reported credit information, but rather "on the reasonableness of the credit reporting agency's procedures in obtaining credit information." *Guimond v. Trans Union Credit Information Co.,* 45 F.3d 1329, 1333 (9th Cir. 1995).[3] Summary judgment is therefore proper if the undisputed evidence shows that a consumer

---

[2] As the Court concludes that Equifax is entitled to summary judgment on other grounds, the Court need not address the different levels of intent that distinguish Ghazaryan's claims.

[3] While California case law is largely silent on the issue, the Court concludes that the FCRA and CCRAA should be interpreted similarly in this context. *See Olson v. Six Rivers Nat. Bank*, 111 Cal. App. 4th 1, 12 (2003) ("Because the Credit Reporting Act is substantially based on the Federal Fair Credit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-9604-RGK-MRW | Date | January 4, 2017 |
|---|---|---|---|
| Title | *Ani Ghazaryan v. Experian Information Solutions, Inc. et al* | | |

reporting agency followed reasonable procedures in reporting consumer information that was both credible on its face, and obtained from a source the reporting agency reasonably believed to be reliable. *See id.*; *Darrin v. Bank of America,* 2014 WL 1922819 at *6 (E.D. Cal. 2014); *Grigoryan*, 84 F. Supp. 3d at 1067–68.

The Court concludes that there are no triable issues of material fact as to whether Equifax violated § 1681e(b) and § 1785.14(b) when it reported a late payment on Ghazaryan's credit report. Ghazaryan simply offers no evidence that Equifax failed to follow reasonable procedures in initially reporting this information. To make up for her total lack of evidence on this point, Ghazaryan quotes Aristotle, posits hypotheticals completely untethered to Equifax's actual business practices, and discusses several recent (but irrelevant) Wall Street scandals to suggest that banks are not reliable sources of information. To defeat a summary judgment motion, however, the non-moving party may not merely attack or discredit the moving party's evidence. *See Nat'l Union*, 701 F.2d at 97. Rather, the non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. Ghazaryan fails to do so here.

Because Ghazaryan has failed to put forth any evidence (a) that Equifax did not use reasonable procedures to compile her credit report; (b) that Discover is not a reputable source; or (c) that Discover's late payment report was not facially credible, the Court **GRANTS** summary judgment in favor of Equifax on Ghazaryan's § 1681e(b) and § 1785.14(b) claims.

### B.      Reinvestigation Claims (§ 1681i and § 1785.16)

Section 1681i of the FCRA and § 1785.16 of the CCRAA obligate consumer reporting agencies to reinvestigate disputes when a consumer has challenged the completeness or accuracy of the information contained therein. Section 1681i(1)(A) provides:

> "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the [CRA] shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30–day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."

15 U.S.C. § 1681i(1)(A). Section 1785.16, which is substantially identical, states:

Reporting Act . . . judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.); *Grigoryan*, 84 F. Supp. 3d at 1067.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-9604-RGK-MRW | Date | January 4, 2017 |
|---|---|---|---|
| Title | *Ani Ghazaryan v. Experian Information Solutions, Inc. et al* | | |

> "If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30–business–day period beginning on the date the agency receives notice of the dispute from the consumer or user, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by the consumer credit reporting agency, to investigate the dispute."

Cal. Civ. Code § 1785.16(a).

Liability under § 1681i of the FCRA and § 1785.16 of the CCRAA relating to a consumer reporting agency's reinvestigation is predicated on whether the agency's reinvestigation was reasonable.[4] 15 U.S.C. § 1681i(1)(A); Cal. Civ. Code § 1785.16; *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009).

Here, the parties do not dispute the sequence of events or material circumstances concerning Equifax's reinvestigation. As such, there are no factual disputes for the jury to resolve. The only material dispute between the parties is over the significance of those undisputed events and circumstances—particularly whether Equifax's reinvestigation was reasonable.

While reasonableness determinations are normally questions of fact for the jury, summary judgment is still appropriate when the Court finds that "only one conclusion about the conduct's reasonableness is possible." *Gorman*, 584 F.3d at 1157.

The thrust of Ghazaryan's argument is that Equifax should have taken additional steps to investigate her dispute beyond relying on the Automated Consumer Dispute Verification (ACDV) system. Specifically, Ghazaryan argues that Equifax should have called the specific Discover representative with whom Ghazaryan had spoken previously about her dispute. Ghazaryan provides no indication, however, that this would have proven fruitful. Ghazaryan has adduced no facts indicating that the Discover representative would have even been authorized to discuss Ghazaryan's situation with Equifax outside the usual ACDV channels. Further, Equifax had no indication that the ACDV process would not suffice to resolve Ghazaryan's dispute. Indeed, Ghazaryan's dispute with Equifax centered on her assertion that she had already resolved the issue with Discover. It was therefore objectively reasonable for Equifax to assume that, upon receiving an ACDV request, Discover would confirm whether it had indeed resolved the issue with Ghazaryan.

---

[4] Once again, the Court concludes that the FCRA and CCRAA should be interpreted similarly in this context. *See Grigoryan*, 84 F. Supp. 3d at 1074–75.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-9604-RGK-MRW | Date | January 4, 2017 |
|---|---|---|---|
| Title | *Ani Ghazaryan v. Experian Information Solutions, Inc. et al* | | |

The Ninth Circuit has noted that a credit reporting agency's requirement to conduct a reasonable reinvestigation "consists largely of triggering [an] investigation by the furnisher," here Discover. The text of the FCRA further suggests that a credit reporting agency's investigative obligation is limited. The FCRA requires *furnishers* of credit information, such as Discover, to "conduct an *investigation* with respect to the disputed information," § 1681s-2(b)(1)(A), but only requires consumer reporting agencies, such as Equifax, to conduct a "*reasonable re*investigation," § 1681i(a)(1)(A) (emphasis added). The Ninth Circuit has held that the "reasonableness" requirement and the "re" prefix attached to a consumer reporting agency's duty to investigate both serve to limit a credit reporting agency's investigative obligation. *Gorman*, 584 F.3d at 1156. Congress did so because "the *furnisher* of credit information stands in a far better position to make a thorough investigation of a disputed debt than the [consumer reporting agency]." *Id*. (emphasis added).

Here, Equifax's ACDV request not only triggered Discover's investigation of the dispute, but also provided Discover with the specific nature of that dispute. Equifax's ACDV request even included the contact information of the Discover representative who was knowledgeable about Ghazaryan's dispute. The ACDV request that Equifax sent was reasonably calculated to enable Discover to investigate Ghazaryan's dispute, which Discover was in a "far better position" than Equifax to do. *Gorman*, 584 F.3d at 1156.

The Ninth Circuit has not addressed the issue directly, but Ghazaryan cites several district court cases from this Circuit that have held under various circumstances that consumer reporting agencies are not entitled to summary judgment on the issue of reasonable reinvestigation when they exclusively rely on an ACDV system. *See, e.g.*, *Grigoryan*, 84 F. Supp. 3d at 1074–75 (collecting cases). The present case, however, is distinguishable from those cases in many ways.

In those cases, the disputes were typically complex and prolonged. They also often involved critical documentation or third party information that the consumer reporting agency failed to include in its ACDV request. *See, e.g.*, *Grigoryan*, 84 F. Supp. 3d at 1075-78 (denying summary judgment where, as part of a two-year dispute, the plaintiff provided numerous payment receipts to the credit reporting agency, but those receipts were not included in the ACDV request); *Bradshaw v. BAC Home Loans Servicing, L.P.,* 816 F. Supp. 2d 1066, 1070, 1074 (D. Or. 2011) (denying summary judgment because the ACDV did not list specific information the consumer reporting agency had on the plaintiff's dispute).

Here, the dispute was initiated by a single telephone call from a consumer, did not involve identity theft or other complicated circumstances, did not involve any third party information, did not require Equifax to review any documents, only involved a single disputed late payment that the consumer indicated had already been cleared up, and was completed within a short period of time (eight days). These circumstances stand in sharp contrast to those in the cases Ghazaryan cites where summary judgment was denied on this issue.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-9604-RGK-MRW | Date | January 4, 2017 |
|---|---|---|---|
| Title | *Ani Ghazaryan v. Experian Information Solutions, Inc. et al* | | |

Under the circumstances of this dispute, the Court concludes that the reinvestigation procedures Equifax used were objectively reasonable, and that therefore Equifax is entitled to judgment as a matter of law. As such, the Court **GRANTS** summary judgment in favor of Equifax on Ghazaryan's § 1681i and § 1785.16 claims.

### C.      Notice Claims (§ 1681i(a)(6) and § 1785.16(d))

Finally, Ghazaryan's Complaint includes allegations that Equifax failed to provide her with proper notice of the results of its reinvestigation as required under 15 U.S.C. § 1681i(a)(6) and Cal. Civ. Code § 1785.16(d). Both the FCRA and CCRAA require consumer reporting agencies to provide written notice to consumers of the results of any dispute reinvestigation within five days of the completion of the reinvestigation. The statutes also lay out similar requirements for the content of the notices.

In its Motion, Equifax stated that upon completion of all dispute reinvestigations, it always sends the disputing consumer the results, along with the content required by the FCRA. Equifax further states that in the present case, it provided Ghazaryan with the results of its reinvestigation of her claims on the same day that it completed the reinvestigation (December 16, 2014)—well within the five day period.

In Ghazaryan's response to Equifax's Motion she failed to mention her notice claims, and did not dispute the facts set out above regarding Equifax's compliance with FCRA and CCRAA notice provisions.

Because the undisputed facts show that Equifax provided Ghazaryan with proper notice, and Ghazaryan seems to have abandoned these claims, the Court **GRANTS** summary judgment in favor of Equifax on Ghazaryan's notice claims.

## V.      EVIDENTIARY OBJECTIONS

To the extent the parties object to any evidence upon which the Court has relied, the Court overrules those objections.

## VI.      CONCLUSION

In light of the foregoing, the Court concludes that Equifax is entitled to summary judgment on all of Ghazaryan's claims. The Court therefore **GRANTS** Equifax's Motion.

**IT IS SO ORDERED.**

Initials of Preparer                                    CR